
Neutral
As of: March 18, 2018 6:20 PM Z



# Gilbert v. Corr. Reception Ctr.

United States District Court for the Southern District of Ohio, Eastern Division

January 20, 2010, Filed

Case No. 2:07-CV-624

**Reporter**
2010 U.S. Dist. LEXIS 10467 *; 2010 WL 319943

Michael S. Gilbert, Plaintiff, v. Correction Reception Center, et al., Defendants.

**Prior History:** *Gilbert v. Corr. Reception Ctr., 2008 U.S. Dist. LEXIS 70904 (S.D. Ohio, Sept. 19, 2008)*

## Core Terms

discovery, deadline, interrogatories, good cause, requests, motion to compel, defense counsel, deposition, diligence, motions, dispositive motion, leave to amend, fourteen days, scheduling, moot

**Counsel:** [*1] Michael S Gilbert, Plaintiff, Pro se, Springfield, OH.

For Correction Reception Center, Ohio Department of Rehabilitation and Corrections, Lieutenant Lewis, Lieutenant Jacqueline Foster, Personnel Officer Burnetta Holmes, Warden Ginny Lamneck, Defendants: Timothy Alan Lecklider, LEAD ATTORNEY, Ohio Attorney General's Office, Employment Law Section, Columbus, OH; Reid T Caryer, Ohio Attorney General's Office, Columbus, OH.

For Columbus Ohio Civil Rights Commission, Defendant: Shannon O'Brien, LEAD ATTORNEY, Ohio Attorney General's Office, Columbus, OH.

For OCSEA AFSCME Local 11 AFL-CIO, Defendant: Sandra Faye Bell, LEAD ATTORNEY, OCSEA General Counsel, Westerville, OH; Thomas B Cochrane, OCSEA, Westerville, OH.

For Captain Donna Day, Defendant: Timothy Alan Lecklider, LEAD ATTORNEY, Ohio Attorney General's Office, Employment Law Section, Columbus, OH.

**Judges:** Terence P. Kemp, United States Magistrate Judge. JUDGE HOLSCHUH.

**Opinion by:** Terence P. Kemp

## Opinion

*ORDER*

This matter is before the Court to consider several motions including a motion for extension of time (# 59) and a "motion for order demanding defendants CRC and OCSEA counsels [sic] response and motion for sanctions" (# 70) filed by plaintiff Michael Gilbert, [*2] a motion to compel (# 60) filed by defendant OCSEA AFSCME Local 11 AFL-CIO, and a motion for an extension of the dispositive motion deadline (# 63) filed by the remaining defendants. For the following reasons, Mr. Gilbert's motions (# 59) and (# 70) will be denied, the motion to compel (# 60) will be granted, and the motion for an extension of the dispositive motion deadline (# 63) will be denied as moot.

I. *Plaintiff's Motion # 59*

Turning first to Mr. Gilbert's motion for an extension of time, this motion requests various relief including a discovery order allowing him to enter the Correction Reception Center to deliver and collect interrogatories, a sixty-day extension of time to complete discovery, leave to amend the complaint, an order compelling defense counsel to provide dates for depositions, an order directing that this case proceed directly to trial, and an order holding defense counsel in contempt. Defendants have addressed each one of these requests in their responses.

A. *Extension of Discovery Deadline*

Because the disposition of Mr. Gilbert's request for an extension of the discovery deadline will impact some of his other requests, the Court will consider it first. The defendants [*3] object to Mr. Gilbert's request for such an extension arguing that he has not demonstrated good cause under *Fed.R.Civ.P. 16(b)* in light of his lack

of diligence in pursuing any discovery prior to the deadline.

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, *inter alia*, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," *Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994)*, and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." *Id. at 1198*. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably [*4] met the scheduled deadlines." *Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995)*. The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. *Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995)*. Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997)*. Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. *Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002)*. The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (*see Inge, supra*), a discovery cutoff date (*see Commerce Benefits Group, Inc. v. McKesson Corp., 326 Fed. Appx. 369 (6th Cir. May 20, 2009))*, or a date for filing summary judgment motions (*see Andretti v. Borla Performance Industries, 426 F.3d 824 (6th Cir. 2005)*. It is with these standards [*5] in mind that Mr. Gilbert's request will be considered.

According to the defendants, Mr. Gilbert has never propounded any written discovery on them. Mr. Gilbert does not directly dispute this nor has he filed any motion to compel relating to any written discovery. There is some suggestion in some of Mr. Gilbert's filings that he may have requested certain documents from defendants in response to their Interrogatory # 8 and perhaps "requests number 6,7,8, and 10" sometime prior to August 18, 2009. *See* Letter dated September 27, 2009, attached to Doc. # 70. Further, Mr. Gilbert states in his letter of September 27, 2009, to Mr. Caryer that "[p]laintiff resubmits his initial formal requests for Defense Counsels to produce the documents to him, which were initially requested." *Id.* However, no formal requests are attached to the copy of this letter filed with the Court and nowhere in any of Mr. Gilbert's other filings is there a copy of any formal discovery requests he has served on defendants. Absent more direct evidence of his discovery efforts prior to the discovery cutoff, it is not the Court's job to guess what Mr. Gilbert's references might mean, especially in light of defense counsels' [*6] representations that no written discovery has been undertaken by Mr. Gilbert.

Rather than focusing on written discovery, Mr. Gilbert's filings tend to focus on his need for deposition dates from defense counsel and their continued failure to provide them. According to Mr. Gilbert, he requested defendants' availability following his deposition on August 4, 2009. For several reasons, this information does not persuade the Court that Mr. Gilbert was diligently undertaking discovery prior to the discovery cutoff. First, given the age of this case, the fact that the discovery deadline was already extended once, and the fact that the discovery cutoff was August 31, 2009, Mr. Gilbert's waiting until August 4, 2009, to inquire about deposing the defendants does not support a finding of diligence. Moreover, Mr. Gilbert was free at any time to notice the defendants for deposition in accordance with Rule 30(b).

Further, the Court notes that Mr. Gilbert has not asserted his diligence in undertaking discovery but has instead attacked defense counsels' conduct in this case. These unsubstantiated statements do not persuade the Court that Mr. Gilbert would have been able to meet the discovery deadline [*7] but for the actions of defense counsel. In light of the above, the Court cannot find that Mr. Gilbert has established good cause for an extension of the discovery deadline and his request will be denied.

B. *Discovery Order Request and Motion to Compel*

With respect to the motion for a discovery order to serve interrogatories, the defendants assert that the discovery deadline has passed and that, even if it had not, Mr. Gilbert did not need a Court order to serve interrogatories by hand. They note that the Federal Rules of Civil Procedure provide a number of

alternatives to hand delivery, including serving interrogatories on counsel by regular mail. There is no reason Mr. Gilbert could not have done this. The Court agrees. Consequently, Mr. Gilbert's request for a discovery order will be denied.

Defendants also object to Mr. Gilbert's request that they be compelled to provide available deposition dates. For the reasons discussed above, this request also will be denied.

C. *Request for Leave to File an Amended Complaint*

Mr. Gilbert seeks leave to amend his complaint to add the Ohio Civil Rights Commission as a defendant, to include additional evidence relating to defendant Warden Virginia Lamneck, [*8] and to possibly add new claims against the Union. Defendants contend that the deadline for amending the complaint was January 31, 2008, and Mr. Gilbert has not demonstrated good cause for his failure to seek leave to amend an earlier point in time.

*Fed.R.Civ.P. 15(a)* states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires. However, when, as here, the deadline established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, "a plaintiff must first show good cause under *Rule 16(b)* for failure earlier to seek leave to amend" and the Court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under *Rule 15(a)*.'" *Commerce Benefits Group, Inc v. McKesson Corp., 326 Fed. Appx. 369 (6th Cir. 2009)*(quoting *Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003))*; *see also Hill v. Banks, 85 Fed. Appx. 432, 433 (6th Cir. 2003)*. Consequently, the Court is permitted to examine the standard factors governing amendments of the complaints under *Rule 15(a)* only if it is satisfied that the date for the filing of a motion for [*9] leave to amend is properly extended under the good cause provisions of *Rule 16(b)*.

The Court agrees with defendants that Mr. Gilbert has not demonstrated good cause under *Rule 16(b)* for seeking to amend his complaint more than a year and a half after the deadline and within less than a month of the dispositive motion deadline. Moreover, given that defendants have already filed dispositive motions, the Court finds that defendants would be greatly prejudiced by allowing any amendment at this late date. Because Mr. Gilbert has not met the requirements of *Rule 16(b)*, the Court need not consider his amendment request under *Rule 15(a)*. Consequently, the motion for leave to amend will be denied.

D. *Motion for Contempt and Request to Proceed to Trial*

Mr. Gilbert seems to suggest, without evidentiary support, that defense counsel has failed to comply with the Federal Rules of Civil Procedure with respect to discovery and should be found in contempt. To the extent that Mr. Gilbert's statements can be construed as requesting that defense counsel be sanctioned pursuant to *Rule 37*, this request will be denied.

Further, to the extent that Mr. Gilbert's motion can be construed as asserting that this [*10] case should proceed directly to trial, this request will be denied. Mr. Gilbert has offered no basis for such a request.

II. *Plaintiff's Motion (# 70)*

In this motion, Mr. Gilbert again seeks an order directing defense counsel to provide deposition dates and also seeks sanctions against them in the form of their being required to pay for his court reporter for their failure to do so. As explained above, Mr. Gilbert was free to notice the defendants for deposition in accordance with *Rule 30(b)*. There is no indication in the record that he ever did that and, as this order concludes, the discovery deadline has passed. At this point, neither defendants nor their counsel are under any obligation to respond to Mr. Gilbert's requests to take depositions let alone subject to sanction. Consequently, Mr. Gilbert's motion will be denied as moot.

III. *Defendant OCSEA's Motion to Compel (# 60)*

In its motion to compel, OCSEA seeks an order directing Mr. Gilbert to respond to its interrogatories of July 14, 2009. Mr. Gilbert has not responded to this motion. According to OCSEA, it has contacted Mr. Gilbert by letter, voice mail or telephone at least three times since initially serving the interrogatories [*11] and, at his request, sent him an additional copy by express overnight mail. Despite Mr. Gilbert's representation to OCSEA that he would provide responses, he has not. OCSEA construes Mr. Gilbert's request for an extension of the discovery deadline as Mr. Gilbert's indication that he does not intend to respond to the interrogatories.

As discussed above, Mr. Gilbert's request for an extension of the discovery deadline will be denied. To the extent that Mr. Gilbert may have believed that his pending extension request may have excused his obligation to provide interrogatory responses to OCSEA,

he is mistaken. Mr. Gilbert has not provided the Court with any other explanation for his failure to respond. Consequently, OCSEA's motion to compel will be granted.

IV. *Defendants' Motion for an Extension (# 63)*

All defendants filed motions for summary judgment on October 16, 2009. Consequently, the motion for an extension of the dispositive motion deadline will be denied as moot. The Court notes, however, that Mr. Gilbert has not filed a response to these motions. Mr. Gilbert is directed to file his response to these motions within fourteen days. His failure to file any response may likely result [*12] in the granting of defendants' motions.

V. *Disposition*

Based on the foregoing, plaintiff's motion (# 59) is DENIED and plaintiff's motion (# 70) is DENIED as moot. The motion to compel (# 60) is GRANTED. Plaintiff shall respond to OCSEA's interrogatories within fourteen days. The motion for an extension of the dispositive motion deadline (# 63) is DENIED as moot. Plaintiff shall respond to the motions for summary judgment within fourteen days.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. *28 U.S.C. § 636(b)(1)(A)*, Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge [*13] or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp

United States Magistrate Judge