# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| I.B., individually and o/b/o her daughter, N.J. (a minor), et al., <br><br> Plaintiffs, <br> vs. <br><br> The Olentangy Local School District Board of Education, et al. <br><br> Defendants. | Case No.: 2:16-cv-00837 <br><br> Judge: Michael H. Watson <br> Magistrate Judge: Elizabeth Preston Deavers |

**REPLY OF PLAINTIFFS IN SUPPORT OF THEIR SUPPLEMENTAL MOTION TO EXTEND THE DISCOVERY CUTOFF DEADLINE AND DISPOSITIVE MOTION DEADLINE**

**AND**

**MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE WITNESSES**

Plaintiffs in this action filed their Supplemental Motion to Extend the Discovery Deadline and Dispositive Motion Deadline on March 12, 2018 (DOC # 94). Defendants filed their Memorandum in Opposition and Motion to Exclude Witnesses on March 19, 2017 (DOC #97). The Memorandum filed by the Defendants completely fails to take into account the Court's Order (DOC #87) that extended the discovery deadline to April 16, 2018.

*I.     Plaintiffs' Have Provided Good Cause to Extend the Discovery Cut off Date*

Defendants begin their Memorandum with an attack on Plaintiffs by claiming that Plaintiffs have not been "diligent in their work-up of this case." Plaintiffs' counsel takes offense to this statement. It should be noted that Defendants had the exact same timeline as Plaintiffs to take depositions in this case. Plaintiffs disclosed nineteen (19) lay witnesses, other than the plaintiffs, in their initial witness disclosures on February 6, 2017. Of those witnesses, Defendants have only deposed Plaintiffs L.S., K.M., S.M., I.B., and N.J. Defendants themselves have admitted that they have let discovery take a "back burner" in this case. (See DOC #94, Exhibit 1). Now, all of a

sudden, Plaintiffs have not been diligent in the working of their case because Plaintiff N.J. had a memory of a few additional witnesses that were promptly disclosed by Plaintiffs counsel as soon as the witnesses were recalled.

Plaintiffs filed their Motion to Extend Discovery (DOC # 94) primarily to request additional time for Defendants to take depositions of the additional witnesses disclosed by Plaintiffs on their March 1, 2018 supplemental witness list. It should be noted that most of the people on the list were employees of Olentangy School District at the time that Plaintiff was a student there and it should have been anticipated by Defendants that these would be potential witnesses in the case. It was Plaintiffs position that the 45 additional days allotted by the court were a bit of a tight timeline and Plaintiffs sought permission to extend that timeline. The additional witnesses were discussed at the March 1, 2018 status conference, and shortly after the conference the court extended discovery by 45 days, presumably to allow Defendants time to depose the newly disclosed witnesses.

From March 1, 2018 to present, Defendants have not scheduled the deposition of a single witness, other than the previously requested deposition of Plaintiff's expert Dr. Carol Shakeshaft. By contrast, since March 1, 2018, Plaintiffs have requested the depositions of three witnesses disclosed on Defendants' witness list and have taken the deposition of one of these witnesses, have scheduled one of the depositions for April 4, 2018, and are still waiting on confirmed dates for the last witness.

Instead of diligently following up on taking the depositions of the newly disclosed witnesses, Defendants have spent valuable time filing motions directed to issues that have already been decided by this court and requesting status conferences on issues that could have been easily resolved without court interference (DOC #101).

Defendants argument that Plaintiffs have not been diligent in the "work-up of this case" is not well taken. Plaintiffs have been extremely diligent in complying with all of Defendants' discovery requests and making their clients available for deposition whenever requested. In fact,

Plaintiffs produced THREE plaintiffs for deposition (S.M., K.M., and L.S.) before receiving ANY of Defendants' discovery responses. Plaintiffs' counsel eventually had to inform Defense counsel that they could not keep producing individuals for deposition without the ability to review their discovery responses. Defendants eventually responded (although not completely) to Plaintiffs' discovery responses and the depositions of N.J. and I.B. were taken soon thereafter.

Plaintiffs' counsel is unsure of the point that Defendants are trying to make in their memorandum about the date that Plaintiff N.J.'s deposition was take versus the date of the deposition of I.B. On the date of I.B.'s deposition, Plaintiff N.J. did show up and wanted to be present for the deposition, as she is allowed to do as a Plaintiff in the case. Defendants tried to argue that they would not allow Plaintiff N.J. to be present in a deposition in her own case. After several arguments between counsel, Defense eventually conceded, and N.J. remained present for the deposition. Defense could point to no legal argument that would prevent a plaintiff from being present for a deposition in his or her own case. Plaintiffs' counsel offered to postpone I.B.'s deposition and take the deposition of N.J. first if the order of the depositions was a concern. Defense counsel declined that suggestion and proceeded with I.B's deposition on its scheduled date.

Plaintiff N.J.'s deposition was taken two days after I.B.'s and lasted from approximately 10 am to 8 pm, with very short breaks in between. Again, Plaintiffs did not object to this clear violation of the Fed. R. Civ P. 30 (d)(1) and allowed the deposition to continue well past seven hours. Plaintiffs' counsel has done nothing but extend discovery courtesies over and over to Defendants in this matter; yet defense has failed to return any of these courtesies.

Plaintiffs again do not understand the relevance of the school yearbook issue or why it was brought up as an argument in Defendants' brief. However, this issue is yet another example of Plaintiffs extending professional courtesies and discovery latitude to Defendants that has not been returned. Defendants' argue that Plaintiffs never requested student "year" books. Plaintiffs have requested the student handbooks on several occasions, in official and follow up discovery

requests. Defense counsel refused to provide the books until another request was made by Plaintiffs. Defendants seem to be focusing in on a narrow distinction of the "student handbooks" versus the "student yearbooks." Plaintiffs maintain that student yearbooks and handbooks are general enough in description that they should have been produced when requested in Plaintiffs initial request for production of documents. Defense counsel did eventually produce the yearbooks, after another follow up email with Plaintiffs' counsel.

Plaintiff N.J. did return to Arrowhead Elementary School on February 21, 2018, to view yearbooks that Plaintiffs had previously requested but failed to receive. Plaintiff N.J. accidently left her very personal notes about the pending litigation and personal medical records while there at Arrowhead Elementary School. Representatives from Arrowhead, instead of returning the medical records and notes to N.J. when she requested them, kept them and then sent copies to defense counsel. Defense counsel, instead of returning the notes and medical records to Plaintiffs' counsel, scanned in the notes and sent a scanned copy to Plaintiffs' counsel a day or so later. Plaintiffs' counsel extended another courtesy to Defense counsel and did not contact this court about this egregious issue.

*II.     Defendants Motion to Exclude Witnesses Should Be Denied and Moot*

The discovery cut off on this case was previously extended by order of the court on March 2, 2018 (DOC #87). The Discovery cutoff date was set to April 16, 2018. Plaintiff disclosed their additional witnesses on March 1, 2018, and Defendants also disclosed additional witnesses on March 1, 2018. Therefore, Defendants argument to strike the additional witnesses should be dismissed as moot. The court has already extended the discovery cutoff and Plaintiffs' additional witnesses were disclosed within the cutoff date.

*III.    Conclusion*

Plaintiffs have demonstrated good cause for a continuance of discovery in this case beyond the 45 days already granted by the court. Plaintiffs seek additional time to gather statements from new witnesses, present them to their expert, and have their expert evaluate the

statements in preparation for trial. It will be extremely difficult for all of this to be conducted in the 45-day time allotted by the court. Plaintiffs will be prejudiced in their response to dispositive motions if they are not permitted time to obtain sufficient discovery of these additional witnesses prior to the dispositive motion deadline. Therefore, good cause exists to extend the deadline to complete discovery and file dispositive motions.

In order to allow for sufficient fact discovery prior to the dispositive motion deadline, the Plaintiffs request that the Court extend the discovery deadline to **July 1, 2018** and the dispositive motion deadline to **August 1, 2018.**

Respectfully Submitted,

*/s/ Chanda L. Brown*

Chanda L. Brown (0081076)
Sean L. Walton (0088401)
WALTON + BROWN, LLP
395 East Broad Street, Suite 200
Columbus, Ohio 43215
Telephone: (614) 636-3476
Facsimile: (614) 636-3453
Email: cbrown@waltonbrownlaw.com
swalton@waltonbrownlaw.com

And

Emmanuel Olawale (0079154)
THE OLAWALE LAW FIRM, LLC
450 Alkyre Run Drive, Ste.330
Westerville, OH 43082
Phone: (614) 772-4177
Fax: (614) 441-8863
Email: emmanuel@olawalelaw.com

*Co-Counsel for All Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March 2018, a copy of this **REPLY OF PLAINTIFFS IN SUPPORT OF THEIR SUPPLEMENTAL MOTION TO EXTEND THE DISCOVERY CUTOFF DEADLINE AND DISPOSITIVE MOTION DEADLINE AND MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE WITNESSES** was filed electronically with the Clerk of this Court. Notice of this filing will be sent to all parties by operation of this Court's electronic filing system. Parties may access this filing through the Court's system.

I also hereby certify that a copy of this Motion has been sent via ordinary mail to Defendant Matthew Rausenberg at his last known address, under seal with this court.

*/s/ Chanda L. Brown*
Chanda L. Brown (0081076)