UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

I.B., *et al.*,

      Plaintiffs,

                                                Civil Action 2:16-cv-837
    v.                                      Judge Michael H. Watson
                                                Magistrate Judge Elizabeth P. Deavers

**OLENTANGY LOCAL SCHOOL
DISTRICT BOARD
OF EDUCATION,** *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the Plaintiffs' First Motion for Extension of Time to Complete Discovery, Plaintiffs' Supplemental Motion FOR Extension of Time to Complete Discovery, and Defendants' Motion to Exclude Witnesses. (ECF Nos. 86, 94 & 98.) For the reasons explained below, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 94.) Furthermore, Defendants' Motion to Exclude Witnesses is **DENIED**. (ECF No. 98.)

### I.

On December 14, 2016, the Court conducted a preliminary pretrial conference pursuant to Federal Rule of Civil Procedure 16(a). Following that conference, the Court issued an order directing, *inter alia*, that the parties complete discovery by March 1, 2018. (ECF No. 31.) On March 1, 2018, Plaintiffs filed their First Motion for Extension of Time to Complete Discovery. (ECF No. 86.) On March 2, 2018, the Court held a status conference and, the same day,

extended the discovery deadline to April 16, 2018, pending resolution of the instant Motion. (ECF No. 87.)

In their Motion, Plaintiffs seek a further extension of the discovery deadline to July 1, 2018, and an extension of the dispositive motions deadline to August 1, 2018. (ECF No. 94 at 4.) Defendants oppose on the grounds that Plaintiffs cannot show good cause to extend the current deadlines because they were not diligent in attempting to meet the current ones. (ECF No. 98 at 3.) Defendants also argue that an extension of discovery, and the addition of fourteen additional witnesses, will prejudice their defense by increasing their expenses and delaying final disposition of Plaintiffs' claims. (*Id*. at 12.) Defendants, therefore, seek a shield from Plaintiffs' request for further discovery in the form of a Motion to Exclude all newly proposed witnesses. (*Id*. at 12-13.)

## II.

Under Rule 16(b)(4), the Court will modify a case scheduling "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x. 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce Benefits Grp. Inc. v. McKesson Corp.*, 326 F. App'x. 369, 377 (6th Cir. 2009) (internal quotation marks and citation omitted); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)) (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16) ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"). Finally, the Court must also consider "potential

prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909. "The absence of prejudice to the opposing party [,however,] is not equivalent to a showing of good cause." *Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011).

### III.

Defendants are correct in their observation that Plaintiffs' request for additional time has come quite late in the game. (ECF No. 98 at 13.) Defendants, however, are incorrect in their conclusion that Plaintiffs cannot, therefore, show good cause to grant an extension of time to conduct discovery. Defendants' objections, rather, speak to the Plaintiffs' diligence in meeting the Court's deadlines. Plaintiffs' efforts in that respect leave much to be desired, but they have been diligent regarding N.J.'s recent recollection of her childhood reports of abuse to school officials. In their Motion, Plaintiffs state that N.J. recalled her childhood reports after reviewing school yearbooks on February 21, 2018. (ECF No. 94 at 3.) According to Plaintiffs, counsel promptly interviewed witnesses, notified Defendants, and filed their First Motion for Extension of Time on March 1, 2018, only one week later. (*Id*.) As Plaintiff notes, the proposed witnesses are school employees and former students who have knowledge of N.J.'s alleged reports to school officials, evidence that would speak directly to the central disputed issue in this matter. (ECF No. 107 at 2.) The Court is not in a position to gainsay N.J.'s recent recollection of her childhood experiences, and Defendants have adduced no evidence that her claims are made in bad faith. The Court, therefore, finds that Plaintiffs have shown good cause why discovery should be extended and have been diligent in attempting to meet the Court's deadlines.

With respect to Defendants' claims of prejudice, compliance with discovery requests is required in every civil action. Fed. R. Civ. P. 26(b)(1); *see Kafele v. Javitch, Block, Eisen &*

3

*Rathbone*, 232 F.R.D. 286, 287 (S.D. Ohio 2005) (holding that parties must comply with discovery requests that "fall within the ambit of discovery authorized by Fed. R. Civ. P. 26(b)"). An extension of the discovery deadline in this matter, as noted above, will result in additional costs in time, inconvenience, and money for all parties compared to a denial of further discovery. These additional costs only justify a denial of further discovery, however, if the discovery sought is improper or *unfairly* prejudices a party in some way. Costs to accomplish discovery authorized under the rules is simply not unfairly prejudicial. *Id.* Because Plaintiffs' proposed additional discovery relates to the testimony of former students and school officials with knowledge of N.J.'s alleged reports, the requested additional depositions fall squarely "within the ambit of discovery authorized by Fed. R. Civ. P. 26(b)." *Id.* Further, the Court has already ruled that it will not grant an extension of the dispositive motions deadline, mooting Defendants' other prejudice concern. (ECF No. 87.)

### IV.

Pursuant to Rule 16(b)(4), the Court finds Plaintiffs have shown good cause exists to modify the existing case schedule. Moreover, the Court finds that Defendants will suffer no prejudice from the modification. Accordingly, Plaintiff's First Motion for Extension of Time to Complete Discovery and Supplemental Motion for Extension of Time to Complete Discovery are **GRANTED IN PART** and **DENIED IN PART**, insofar as the Court previously ruled that the dispositive motion deadline would remain in place.[1] (ECF No. 86.) Furthermore, Defendants' Motion to Exclude Witnesses is **DENIED**. (ECF No. 98.) The parties shall have until **JULY 1, 2018**, in which to complete discovery. The dispositive motions deadline remains May 1, 2018. (ECF No. 87 at 2.)

---

[1] If any party believes that additional time is needed to file dispositive motions in light of this Order, they may move for an extension of time.

**IT IS SO ORDERED.**

Date: March 28, 2018                    /s/ *Elizabeth A. Preston Deavers*
                                    ELIZABETH A. PRESTON DEAVERS
                                    UNITED STATES MAGISTRATE JUDGE